UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**DARNELL W. GILES**,
:
                      Plaintiff,
:  **MEMORANDUM AND ORDER**
          – against –
:  21-CV-1977 (AMD) (JMW)
:
**STATE OF NEW YORK, JOHN AND JANE DOE SETTLORS**,
:
:
                      Defendants.
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On April 23, 2021, the *pro se* plaintiff filed a § 1983 action against Judge Goglas[1] of the Suffolk County Court, Assistant District Attorney Denis Ryan, and Jane or John Doe Clerk of Court for Suffolk County. (ECF No. 1.) On May 18, 2021, I granted the plaintiff's request to proceed *in forma pauperis*, dismissed the complaint for failure to state a claim on which relief may be granted and because the named defendants were immune from suit, and granted the plaintiff leave to file an amended complaint. (ECF No. 6.) On July 6, 2021, the plaintiff filed an amended complaint against the State of New York and "John and Jane Doe Settlors," which he also calls "settlor the federal government." (ECF No. 9.) On July 15, 2021, the plaintiff filed a notice providing a missing page from his amended complaint. (ECF No. 10.) For the reasons discussed below, the amended complaint is dismissed.

---

[1] The case caption lists Judge Goalas as a defendant, and it is not clear from the plaintiff's handwritten complaint whether he intended to write "Judge Goalas" or "Judge Goglas." The plaintiff appears to be referring to Judge Philip Goglas of the Suffolk County Court.

**BACKGROUND**

The plaintiff states that "the all capital name Darnell Giles" is property (ECF No. 9 at 10), and that using this property "without permission nor agreement . . . is an act of 'fraud and theft.'" (*Id.* at 12.) He explains that the State of New York, as well as "settlor the federal government," "owe[] a fiduciary duty to that beneficiary to protect and preserve the trust property," and that they breached their duties as "the holder of legal title of property blonging to beneficiary Darnell Giles." (*Id.* at 10.) The plaintiff brings ten claims, five against the State of New York under § 1983, and five against the federal government under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* at 6.) The plaintiff makes the following claims against the State of New York: (1) "fail to manage trust property for best interest of beneficiary;" (2) constructive fraud; (3) "violation of contract law;" (4) "using my name (property) without permission;" and (5) "holding property acquired by theft." (*Id.*) Against the federal government, the plaintiff claims: (1) "violation of contract law, truth and lend act;" (2) "violation of fiduciary duty as trustees;" (3) "violation of trust law;" (4) "color of law violation;" and (5) "violation of directions contained in trust instrument." (*Id.*)

The plaintiff maintains that he suffered a "block of equitable right to setoff, false imprisonment, mental anguish, torment, [and] not allowing to use my right as the beneficiary." (*Id.* at 8.) He seeks to have "all cases dismiss under the name DARNELL GILES under constructive trust;" for the State of New York "to forfill there duty under the directions contained in the trust instrument" in its role as "the holder of legal title the all capital name DARNELL GILES;" "be allow to use my equitable right to setoff;" and "all right as beneficiary should be restored." (*Id.*)

2

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The plaintiff is proceeding *pro se*, so I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The plaintiff's claims against the State of New York must be dismissed because the State is immune from suit. The Eleventh Amendment to the United States Constitution "bar[s] federal suits against state governments by a state's own citizens." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). This bar precludes suits for money damages, as well as injunctive relief. *See McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001).

Moreover, sovereign immunity extends "beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

None of the limited exceptions to state sovereign immunity apply. The State has not waived its immunity by consenting to suit in federal court. *See Woods*, 466 F.3d at 236. Nor has Congress enacted legislation specifically abrogating state sovereign immunity. *Id.* at 236. Moreover, § 1983 was not intended to override a state's sovereign immunity. *Mamot v. Bd. of Regents*, 367 Fed. Appx. 191, 192 (2d Cir. 2010); *Ighile v. Kingsboro ATC*, No. 16-CV-4294, 2018 WL 1970737, at *3 (E.D.N.Y. Apr. 25, 2018). Finally, the *Ex parte Young* doctrine does not apply because the plaintiff is not suing "a state official acting in his official capacity . . . for prospective injunctive relief from violations of federal law." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007); *accord Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014).

The plaintiff's claims against the federal government must also be dismissed because the United States, like the State of New York, is immune from suit. *See U.S. v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (internal quotation marks and alterations omitted)); *accord Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Because the doctrine of sovereign immunity is jurisdictional, the burden is on the plaintiff to establish that his claims fall within an applicable waiver. *Makarova*, 201 F.3d at 113. The plaintiff has not alleged any facts to show that waiver is applicable.

## CONCLUSION

Accordingly, the amended complaint is dismissed for failure to state a claim on which relief may be granted and because the defendants are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment dismissing the action and mail a copy of this order to the *pro se* plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                            s/Ann M. Donnelly
                                            _____
                                            ANN M. DONNELLY
                                            United States District Judge

Dated: Brooklyn, New York
          July 26, 2021